People v Smith (2024 NY Slip Op 00564)

People v Smith

2024 NY Slip Op 00564

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

1003 KA 19-02175

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EZIEKIEL SMITH, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Stephen T. Miller, A.J.), rendered September 17, 2019. The judgment convicted defendant, upon a plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals, in appeal No. 1, from a judgment convicting him, upon a plea of guilty, of assault in the second degree (Penal Law § 120.05 [3]) and, in appeal No. 2, from a judgment convicting him, upon a plea of guilty, of burglary in the second degree (§ 140.25 [2]). As defendant contends in both appeals and the People correctly concede, the respective waivers of defendant's right to appeal are invalid inasmuch as the written waivers and oral waiver colloquies " 'mischaracterized the nature of the right[s] that defendant was being asked to cede, portraying the waiver[s] as [overly broad and] an absolute bar to defendant taking an appeal' " (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Nonetheless, in both appeals we reject defendant's contention that his sentences are unduly harsh and severe.
We do not address defendant's remaining contentions in appeal Nos. 1 and 2 because they were withdrawn by defendant.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court